IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01885-RM-BNB

MARILYNN BROWN, and
STANLEY BROWN,

Plaintiffs,

v.

ENCOMPASS INSURANCE COMPANY OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter arises on the defendant's **Motion to Disqualify Counsel** [Doc. # 25, filed 10/15/2014] (the "Motion to Disqualify"), which is DENIED.

Plaintiffs, Marilynn Brown and Stanley Brown, are married. On January 28, 2009, Mrs. Brown was involved in an automobile accident with Robert Scheier. On January 28, 2014, the plaintiffs entered into a settlement agreement with Mr. Scheier and his insurer, resolving claims as between the plaintiffs and Mr. Scheier, but preserving the plaintiffs' rights to pursue an underinsured motorist claim against the plaintiffs' insurer, Encompass. This action followed on June 2, 2014. The plaintiffs assert three claims for relief: (1) Breach of Contract; (2) First Party Statutory Claim Under C.R.S. Section 10-3-1116; and (3) Breach of Implied Covenant of Good Faith and Fair Dealing; Bad Faith Claims Handling. Complaint [Doc. #3].

Plaintiffs' counsel here, Larry N. Harris, also represented them in the underlying suit against Mr. Scheier and in their pre-suit negotiations with Encompass. In that connection, Mr. Harris engaged in substantial correspondence with Encompass. According to the Motion to

Disqualify:

> Mr. Harris represented Plaintiffs in the Underlying Litigation. Mr. Harris also acted as the sole contact person for Plaintiffs regarding their claim to Encompass for underinsured motorist coverage.
>
> The pre-litigation letters and emails from Mr. Harris go far beyond simple statements of fact. Rather, they contain accusations of delay and unreasonable conduct against Encompass. Moreover, Mr. Harris acted as the "go between" in all pre-litigation communications between Encompass and his clients, thereby controlling the flow of information regarding Marilynn Brown's claims, medical records, and damages. It is simply unfathomable that the parties would not rely on the documentary trail of correspondence to and from Mr. Harris while trying the claims and defenses in this matter.
>
> \* \* \*
>
> Mr. Harris has direct knowledge of 1) when Encompass was notified of the underinsured motorist claim; 2) what medical records Plaintiffs provided to Encompass, and when those records were provided; 3) communications between Encompass and Plaintiffs regarding the need for additional medical records; and 4) the timing of Plaintiffs' demands for payment under the policy.
>
> \* \* \*
>
> Because Mr. Harris was the primary point of contact between Encompass and Plaintiffs, because the communications between Mr. Harris and Encompass are central to the allegations of bad faith delay (and the defenses thereto), and because Mr. Harris did not limit himself to merely conveying those necessary facts and information but rather inserted inflammatory and self-serving accusations of delay and unreasonable conduct into his correspondence, Mr. Harris's testimony is "relevant, material and unobtainable elsewhere."

Motion to Disqualify [Doc. # 25] at pp. 2, 5, 6, quoting World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994). Based on this factual predicate, Encompass argues that Mr. Harris "is likely to be a necessary witness" and must be disqualified from acting as trial counsel. Id. at p. 3, citing Colorado Rule of Professional Conduct 3.7(a).

A motion to disqualify counsel is addressed to the sound discretion of the district court.

Religious Technology Center v. F.A.C.T. Net, Inc., 945 F. Supp. 1470, 1473 (D. Colo. 1996). Insofar as is relevant here, this court applies the rules of professional conduct adopted by the Colorado Supreme Court as the standard of professional responsibility for lawyers practicing before it. D.C.COLO.LAttyR 2.

As the moving party, Encompass has the burden to establish grounds for the disqualification of Mr. Harris. Religious Tech., 945 F. Supp. at 1473. When ruling on a motion to disqualify counsel, I must make specific findings and conclusions, Fullmer v. Harper, 517 F. 2d 20, 22 (10th Cir. 1975), but the use of those findings is restricted solely to the motion to disqualify. Religious Tech., 945 F. Supp. at 1473. Motions to disqualify opposing counsel are viewed with suspicion, and I must guard against the possibility that disqualification is sought to "secure a tactical advantage in the proceedings." Id. at 1478.

I held a hearing on the Motion to Disqualify on December 11, 2014, at which time I was prepared to hear testimony and accept evidence. No party called any witnesses, however, or otherwise attempted to introduce evidence. See Weeks v. Independent School Dist. No. I-89, 230 F.3d 1201, 1212 (10th Cir. 2000) (specifying that no evidentiary hearing is necessary in connection with a motion to disqualify where the district court makes specific findings and there is an extensive record sufficient to allow meaningful review).

Colorado Rule of Professional Conduct 3.7 provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or

>(3) disqualification of the lawyer would work substantial hardship on the client.

A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere. World Youth Day, 866 F. Supp. at 1302. Encompass has failed to show that Mr. Harris is likely to be a necessary witness because it has failed to show that his testimony is unobtainable elsewhere. In particular, the information about which Encompass claims Mr. Harris may be required to testify--1) when Encompass was notified of the underinsured motorist claim; 2) what medical records Plaintiffs provided to Encompass, and when those records were provided; 3) communications between Encompass and Plaintiffs regarding the need for additional medical records; and 4) the timing of Plaintiffs' demands for payment under the policy--may all be obtained from David Pittman, Encompass' adjuster assigned to the matter.

Encompass' argument that Mr. Harris "inserted inflammatory and self-serving accusations of delay and unreasonable conduct into his correspondence," Motion to Disqualify [Doc. # 25] at p. 6, raises the concern that the mere introduction of the letters into evidence constitutes "testimony" which might require Mr. Harris' disqualification. The concern is unfounded, and Encompass points to no authority supporting such a theory of disqualification. In particular, it appears that Mr. Harris' letters to Encompass are inadmissible hearsay, and Encompass has failed to articulate a basis under which the letters could be received in evidence. Even if the letters could be admitted, I find nothing inflammatory about the statements contained in them. Alternatively, in the event they are admissible, the trial judge may order redaction of any inflammatory rhetoric.

Encompass also argues that the thoroughness of the medical bills provided by the

plaintiff is disputed. Again, however, the Encompass adjuster assigned to the case may testify as to the records provided, and any testimony which might be elicited from Mr Harris may also be obtained from the adjuster.

Although I find that Mr. Harris is not likely to be a necessary witness and I decline to order his disqualification, his continued participation in the case as trial counsel precludes, under Colo. RPC 3.7, his later participation as a witness. Thus, if the plaintiffs will or may choose to call him as a witness at trial, he must step down now as trial counsel.

IT IS ORDERED that the Motion to Disqualify [Doc. # 25] is DENIED.

Dated December 16, 2014.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge